UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DIANA CAROLINA CORDOBA, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> -against-<br><br>LOS TRES POTRILLOS RESTAURANT BAR, INC., and JUAN CARLOS LUNA, MARIO VALDEZ, PEDRO LUNA AND YOLANDA VALDEZ, as individuals,<br><br>      Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Civ Case No.:<br><br>**(JURY TRIAL DEMAND)** |

---

Plaintiff, DIANA CAROLINA CORDOBA ("Plaintiff"), individually and on behalf of all others similar situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at L&D Law, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, DIANA CAROLINA CORDOBA, individually and on behalf of all others similar situated, through undersigned counsel, brings this action against LOS TRES POTRILLOS RESTAURANT BAR, INC., and JUAN CARLOS LUNA, MARIO VALDEZ, PEDRO LUNA AND YOLANDA VALDEZ, as individuals, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment while working at LOS TRES POTRILLOS RESTAURANT BAR, INC., located at 82-11 Roosevelt Avenue, Queens New York 11372, and other locations including Brooklyn New York.

2. Defendants have deprived Plaintiff and her co-workers of minimum wage and overtime pay since at least on or about August of 2016 in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs further allege that, under the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201, et seq. ("FLSA"), Plaintiffs are entitled to recover from Defendant: (1) unpaid wages and wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3. Defendants have deprived and/or willfully deprived Plaintiffs of minimum wage, overtime pay and spread of hours premium since at least on or about August of 2016 in violation of the New York Labor Law ("NYLL"). Plaintiffs further allege that under the New York Labor Law ("NYLL"), Plaintiffs are entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) damages for late payment of wages; (4) statutory penalties; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

4. Defendants have violated and/or willfully violated notice and record keeping requirements by failing to provide statements along with wages listing the name of the employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of minimum wage, and net wages. Defendants have violated and/or willfully violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5. Defendants have violated and/or willfully violated notice and record keeping requirements by failing to provide employees with wage notices as required in violation of NYLL NYLL §195(1).

6. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding

$150,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff DIANA CAROLINA CORDOBA residing at 78-62 79th Place, 3rd Floor, Glendale, New York 11385, was employed by the Defendant LOS TRES POTRILLOS RESTAURANT BAR, INC., from in or around February of 2019 until December of 2019.

12. Defendant LOS TRES POTRILLOS RESTAURANT BAR, INC., is a corporation organized under the laws of New York with a principal executive office at 1004 4th Avenue, Brooklyn, New York 11232 and a location for the purposes of business located at 82-11 Roosevelt Avenue, Queens New York 11372

13. Defendant LOS TRES POTRILLOS RESTAURANT BAR, INC., is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant JUAN CARLOS LUNA is a resident of New York. Defendant JUAN CARLOS LUNA does business in this judicial district in New York State and has exercised control over plaintiffs' schedule, pay and working conditions and exercised the right to hire and fire plaintiffs at the 82-11 Roosevelt Avenue, Queens New York 11372 location.

15. Upon information and belief, Defendant MARIO VALDEZ, is a resident of New York. Defendant MARIO VALDEZ does business in this judicial district in New York State and has exercised control over plaintiffs' schedule, pay and working conditions and exercised the right to hire and fire plaintiffs at the 82-11 Roosevelt Avenue, Queens New York 11372 location.

16. Upon information and belief, Defendant PEDRO LUNA, owns and operates LOS TRES POTRILLOS RESTAURANT BAR, INC.

17. Upon information and belief, Defendant PEDRO LUNA, is a resident of New York. Defendant PEDRO LUNA does business in this judicial district in New York State and has exercised control over plaintiffs' schedule, pay and working conditions and exercised the right to hire and fire plaintiffs at the 82-11 Roosevelt Avenue, Queens New York 11372 location.

18. Upon information and belief, Defendant YOLANDA VALDEZ, owns and operates LOS TRES POTRILLOS RESTAURANT BAR, INC.

19. Upon information and belief, Defendant YOLANDA VALDEZ, is a resident of New York. Defendant YOLANDA VALDEZ does business in this judicial district in New York State and has exercised control over plaintiffs' schedule, pay and working conditions and exercised the right to hire and fire plaintiffs at the 82-11 Roosevelt Avenue, Queens New York 11372 location as well as the Brooklyn location.

20. Each Defendant jointly and severally employed plaintiffs at all times relevant to this complaint. Each defendant has had, individually and jointly, substantial control over plaintiffs' wages, hours and working conditions.

21. Upon information and belief, based on information provided by Plaintiff, employee of defendant, LOS TRES POTRILLOS RESTAURANT BAR, INC. is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, LOS TRES POTRILLOS RESTAURANT BAR is a popular restaurant and bar with a thriving, high traffic location in Queens. As such, based on plaintiff's personal knowledge of Defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

22. During the relevant times herein, Defendants are covered employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL §190.

## FACTUAL ALLEGATIONS

23. Plaintiff DIANA CAROLINA CORDOBA was employed by the Defendant LOS TRES POTRILLOS RESTAURANT BAR, INC., from in or around February of 2019 until December of 2019.

24. During Plaintiff DIANA CAROLINA CORDOBA's employment by Defendants at LOS TRES POTRILLOS RESTAURANT BAR, INC., Plaintiff's primary duties including waiting tables, bartending, cooking, cleaning, serving, preparing food and cleaning the restaurant.

25. Plaintiff regularly worked seven (7) days a week from in or around February of 2019 until in or around May of 2019; six (6) days a week from in or around May of 2019 until in or around July of 2019; five (5) days a week from in or around July of 2019 until in or around

November of 2019 and four (4) days a week from in or around November of 2019 until in or around December of 2019.

26. Plaintiff regularly worked a schedule of shifts beginning at approximately 8:00 p.m. each workday and regularly ended at approximately 6 a.m., or later, throughout the entirety of her employment.

27. It was typical for Plaintiff to work shifts from 8 p.m. to 8 a.m., as it was required to help clean the restaurant, along with other tasks; even after her scheduled shift.

28. Plaintiff was paid in cash, typically on Tuesdays.

29. At times, payments were late, and Plaintiff had to follow up to be paid.

30. Plaintiff was never provided a wage notice from Defendants at any time.

31. Plaintiff was never provided a wage statement from Defendants at any time.

32. If Plaintiff mistakenly forgot to sign in on Defendants' handwritten time sheets, Defendant refused to pay Plaintiff for that day worked.

33. If Plaintiff appeared to work more than five (5) minutes late, Defendants deducted at least $10 from Plaintiff's pay for that shift.

34. At no time was Plaintiff provided a break of any kind.

35. At all times relevant, Plaintiff was not paid overtime.

36. At all times relevant, Plaintiff was not paid the spread of hours premium for those days on which she worked in excess of ten (10) hours.

37. Thus, Plaintiff was regularly required to work seventy (70) hours or more each week from in or around February of 2019 until in or around May of 2019; sixty (60) hours or more each week from in or around May of 2019 until in or around July of 2019; fifty (50) hours or more

each week from in or around July of 2019 until in or around November of 2019 and forty hours (40) hours or more from in or around November of 2019 until in or around December of 2019.

38. Plaintiff was paid by Defendants a flat hourly rate of approximately $3.00 (three dollars) per hour from in or around February of 2019 until in or around December of 2019.

39. Although Plaintiff worked seventy (70) hours or more each week from in or around February of 2019 until in or around May of 2019; sixty (60) hours or more each week from in or around May of 2019 until in or around July of 2019; fifty (50) hours or more each week from in or around July of 2019 until in or around November of 2019 and forty hours (40) hours or more from in or around November of 2019 until in or around December of 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Further, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all her hours worked from February of 2019 until in or around December of 2019, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

**DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

41. Upon information and belief, Defendants willfully failed to post notices of the applicable overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

42. Upon information and belief, Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA and NYLL.

43. Upon information and belief, Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA and NYLL.

44. As a result of these various violations of Federal and State wage and hour laws, Plaintiffs seeks compensatory damages and liquidated damages. Plaintiffs also seeks interest, attorneys' fees, costs, and all their legal and equitable remedies available as this Court deems appropriate.

## **COLLECTIVE ACTION ALLEGATIONS**

45. Plaintiffs bring this action on behalf of themselves and other employees similarly situated who elect to opt-in to this action pursuant to 29 U.S.C. § 201 et seq. of the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA. The employees similarly situated are the collective class.

46. Collective Class: All persons who are or have been employed by the Defendants as waiters, bartenders, bus boys, cleaners, cooks, chefs, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

47. Upon information and belief, Defendants employed approximately 80 to 150 employees within the relevant time period who were subjected to similar payment structures.

48. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

49. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without receiving proper minimum wage compensation.

50. Defendants' unlawful conduct has been widespread, repeated, and consistent.

51. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

52. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class were being compensated below the applicable minimum wage rates.

53. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

56. The claims of Plaintiffs are typical of the claims of the putative class.

57. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

61. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

63. Plaintiffs are non-exempt "employees" within the meaning of the FLSA.

64. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

69. Plaintiffs are non-exempt "employees" within the meaning of the NYLL.

70. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq.*

71. Defendants failed to compensate Plaintiffs for work performed within seven (7) days of the end of the work week.

72. Defendants did not timely pay Plaintiffs as manual laborers.

73. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

74. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

75. Plaintiffs are non-exempt "employees" within the meaning of the FLSA.

76. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

77. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

78. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**FOURTH CAUSE OF ACTION**
**Minimum Wages Under New York Labor Law**

79. Plaintiff re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

80. Plaintiffs are non-exempt "employees" within the meaning of the NYLL.

81. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

82. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

83. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

84. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

85. Defendants failed to compensate Plaintiffs for work performed within seven (7) days of the end of the work week.

86. Defendants did not timely pay Plaintiffs as manual laborers.

87. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

88. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
## Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of her applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

91. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees, pursuant to NYLL §198(1-d).

## SIXTH CAUSE OF ACTION
## Violation of the Wage Statement Requirements of the New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

94. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees, pursuant to NYLL §198(1-d).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which their shifts spread over more than ten hours.

97. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated the Section 650 *et seq.*, of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

98. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NYLL and their regulations;

b. Designation of plaintiffs as representatives of the FLSA Collective Plaintiffs;

c. Awarding Plaintiffs unpaid overtime wages;

d. Awarding Plaintiffs unpaid minimum wages;

e. Awarding Plaintiffs speak of hours pay;

f. Awarding Plaintiffs damages for late payment of wages;

g. Awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish Plaintiffs with accurate wage statements and a proper wage notice pursuant to the NYLL and Wage Theft Prevention Act;

h. Awarding Plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. Awarding Plaintiffs prejudgment and post-judgment interest under the NYLL and 28 U.S.C. § 1961.

j. Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees pursuant to the FLSA and NYLL; and

k. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, NY
August 30, 2022

**L & D LAW P.C.**
*(Liggieri & Dunisha)*

___/s/_____
Paul Liggieri, Esq.
*Attorneys for Plaintiffs*
11 Broadway, Ste. 615
New York, NY 10004